1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

SANG TU

7
                                    Plaintiff,

8            v.

9    SNOHOMISH POLICE, ET AL.,

10                          Defendants.

Case No. 3:23-cv-05112-RJB-TLF

ORDER TO SHOW CAUSE

11          This matter comes before the Court for a review of plaintiff's complaint. Plaintiff

12   seeks a jury trial for civil rights violations filed pursuant to 42 U.S.C. § 1983; the Court

13   screens the sufficiency of the complaint before serving it on the defendants, under 28

14   U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b).

15          Plaintiff has been granted *in forma pauperis* status in this matter and is

16   unrepresented by counsel. Considering deficiencies in the complaint discussed below,

17   however, the undersigned will not direct service of the complaint at this time. **On or**

18   **before April 28, 2023, plaintiff must either show cause why this cause of action**

19   **should not be dismissed – or file an amended complaint.**

20                                  **DISCUSSION**

21          The Court must dismiss the complaint of a plaintiff who is unrepresented by

22   counsel and is proceeding *in forma pauperis* "at any time if the [C]ourt determines" that

23   the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be

24

25

ORDER TO SHOW CAUSE - 1

granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [unrepresented plaintiff] with notice of the deficiencies of [their] complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). The Court is also required to "explain . . . the consequences of [their] failure to follow the district court's instructions" regarding the process and procedure for submitting an amended complaint. *Id.* On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

According to 42 U.S.C. § 1983:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was

unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

**ANALYSIS OF PLAINTIFF'S COMPLAINT**

In this case, plaintiff alleges he is a "civilly committed detainee". Dkt. 1-1, Proposed Complaint, at 2. The Court's docket indicates that he resides at Western State Hospital, and is not currently in custody at a jail or prison. Dkt. 1, application for *in forma pauperis,* and Dkt. 1-2, mailing envelope.

Plaintiff alleges in Count I of the proposed complaint, "Snohomish, Bellevue, and Lake Stevens police violated my rights of anti-harrassment. . . ." Dkt. 1-1, Proposed Complaint, at 4. He asserts that harassment started when police officers followed him to work, and wrote speeding tickets. *Id.*, at 5. The cost of the speeding tickets was interpreted by plaintiff as "stealing my paycheck", and plaintiff asserts the police officers "started using racial slurs". *Id*. He states that his house was robbed while he was in the Snohomish County Jail, "on a crime I did not commit or hurt anyone". *Id*. On this claim, he states he is suffering post-traumatic stress disorder from "constant stalking by police"

1    and fear because the officer(s) "follow me and break the law to cause harm on innocent

2    people." *Id.*

3           In Count II, plaintiff states that his rights to freedom of speech and to be free from

4    discrimination were violated when a police officer used racial slurs, and told plaintiff he

5    "would jail me if I reported the robbery" of plaintiff's home. *Id.,* at 6. A few days after the

6    police officer told plaintiff this, an officer shot plaintiff in the arm, then "was smiling and

7    laughing and told [plaintiff], 'I'm glad I shot him in his tattoo arm.'" *Id.*at 6-7.

8           Plaintiff states the officer "stole all the evidence [plaintiff] had on him and all my

9    iphones and cameras. . .SD memory card was stolen as well." *Id.* Plaintiff asserts the

10   police stole his clothing and his car. *Id.,* at 7. Regarding Count II, plaintiff states his

11   mental health has been damaged, and he suffers from stress and headaches, and feels

12   "there is no [j]ustice or any good in this world." *Id.*

13          In Count III, plaintiff asserts a claim for false imprisonment. Dkt. 1-1, at 7. Plaintiff

14   asserts that individuals followed him, harassed him, and threatened his life, on a public

15   street. *Id.,* at 8. When these individuals "would get physical", plaintiff would try to get

16   away by running; then the individuals chased and hurt him. *Id.*

17          Plaintiff states that police "would come and arrest me", then they would laugh

18   after he told them what happened. *Id.* Regarding the harm or injury, plaintiff states that

19   he would receive a maximum sentence after his attorney worked with the officers, and

20   plaintiff asserts that this "police officer would not stop causing pain in my life. . . stress,

21   harm to my health, and well-being." *Id.*

22

23

24

25

ORDER TO SHOW CAUSE - 4

In the request for relief, plaintiff states that he requests compensation for what the police stole from him; "money for the items I lost . . . and a restraining order from the police." *Id.*, at 9.

Plaintiff has alleged claims against defendants "Snohomish, Bellevue, and Lake Stevens police", but he does not name any individual persons as defendants. If plaintiff has specific individuals that he seeks to name as defendants, he cannot rely on general terms like "police officer" or "Snohomish police" – he must provide the individual's name or sufficient identifying information about each defendant for service to be completed, so the defendants will receive notice of the lawsuit against them.

If plaintiff intends to sue the police departments for Snohomish (County, or City), or Bellevue, or Lake Stevens, he would need to specify that he is naming the County or City as a defendant.

A.  Claims against an individual defendant

If plaintiff makes claims against an individual person, he is required to state facts against each individual person named as a defendant in the complaint, that would meet the following elements:

1.  The individual person acted, or failed to act;

2.  The acts (or failure to act) occurred "under color of state law";

3.  The individual's acts, or failure to act, caused a deprivation of plaintiff's federal constitutional or federal statutory rights;

4.  A person's acts, or failure to act, must be both cause-in-fact and also the proximate cause of the injury to plaintiff;

5. If the defendant was not the only person involved in the acts or failure to act, plaintiff would need to show (a) "defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation" of federal law; or (b) ""the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury". *Peck v. Montoya,* 51 F.4th 877, 891 (9th Cir. 2022); *Reynaga Hernandez v. Skinner,* 969 F.3d 930, 941-942 (9th Cir. 2020).

B. Claims against a county or city

If plaintiff intends to sue a county, or a city, as an entity – then plaintiff would be required to state facts in the complaint that would meet the following elements:

The city or county had an official policy, or a widespread or longstanding practice or custom, that was in place at the time of the events alleged in plaintiff's complaint;

An official or employee of the city or county acted under color of state law, and their acts (or failure to act) deprived plaintiff of their rights under the United States Constitution or laws;

And the county or city's official policy, or widespread or longstanding practice or custom, caused the deprivation of plaintiff's rights under federal constitutional law or federal statutory law. To establish this, plaintiff would need to show the government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Gravelet-Blondin v. Shelton,* 728 F.3d 1086, 1096 (9th Cir. 2013). The official policy, or widespread or longstanding practice or custom, must be both cause-in-fact and also the proximate cause of the injury to plaintiff. *Id.*

Plaintiff's complaint contains flaws that must be remedied before the Court will serve it on defendants. As described above, he is required to state facts that would meet the elements of each cause of action under Section 1983.

Plaintiff has alleged his federal constitutional and statutory rights were violated, but he has not alleged who each of the defendants is, i.e., their name, or enough identifying information that allows the complaint to be served on each defendant to give them notice of the lawsuit. And – regarding each of the particular individually-identified defendants – plaintiff is required to state what each particular defendant did or failed to do, that allegedly caused a deprivation of plaintiff's federal rights. *See, Avalos v. Baca,* 596 F.3d 583, 587 (9th Cir. 2010) (an individual defendant must personally participate in the act or failure to act, to state a claim under Section 1983); Manual of Model Civil Jury Instructions, United States Court of Appeals for the Ninth Circuit, Model Instruction 9.3.

Also, plaintiff has not alleged whether there are persons whose acts, or failure to act, involved policies, practices, or customs of the county or city – if he intends to raise a claim against a county or city as an entity. *See, Jackson v. Barnes,* 749 F.3d 755, 763 (9th Cir. 2014); Manual of Model Civil Jury Instructions, United States Court of Appeals for the Ninth Circuit, Model Instruction 9.5.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint at this time. If plaintiff intends to pursue this action, he must file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before April 28, 2023**. Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional or statutory right plaintiff believes was violated; (2) the name of the person

who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 23rd day of March, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 9